

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

**FILED**
**Jul 07, 2026**
**06:46 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

| | |
|---|---|
| Yonny Perez Hernandez | Docket No. 2025-80-3406 |
| v. | State File No. 860151-2025 |
| PR Marine Construction, LLC, et al. | |

Appeal from the Court of Workers'
Compensation Claims
Shaterra R. Marion, Judge

---

### Vacated and Remanded

---

The employer in this interlocutory appeal asserts the trial court erred by ordering medical benefits because the employee did not present sufficient evidence that his current symptoms and need for medical treatment were primarily caused by a work accident. The employer also asserts that, because the employee was deported, it was unable to offer him authorized medical care. Having carefully reviewed the record, we cannot find sufficient evidence to establish that Tennessee can exercise subject matter jurisdiction over this workers' compensation claim. Accordingly, we vacate the trial court's order and remand the case for the trial court to address whether the evidence supports subject matter jurisdiction in Tennessee.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Kyle I. Cannon, Memphis, Tennessee, for the employer-appellant, PR Marine Construction, LLC

J. Stephen King, Memphis, Tennessee, for the employee-appellee, Yonny Perez Hernandez

### Memorandum Opinion[1]

Yonny Perez Hernandez ("Employee") was employed as a laborer for PR Marine Construction, LLC ("Employer"). On July 18, 2023, while working on a project in Arkansas, Employee was helping build a pier or dock when a large log fell on him.

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

Employee was transported by helicopter to a hospital where he underwent surgery, including a thoracic spinal fusion and surgery to repair his fractured lower jaw. He remained in the hospital until July 26, 2023, after which he attended four follow-up appointments. Approximately six months after his work incident, Employee moved to Texas, and on September 3, 2024, he was deported to Mexico for being in the United States without proper documentation.

On May 27, 2025, Employee filed a petition for workers' compensation benefits in the Tennessee Court of Workers' Compensation Claims. In his petition, Employee listed his residence as being in Mexico, noting his return to Mexico as a "complication" in his case. There is nothing in the petition or other pleadings indicating that he was a Tennessee resident at the time of the accident, that his employment was principally localized in Tennessee, or that he entered into a contract of hire in Tennessee. Employee asserted that Employer was not providing medical or temporary disability benefits and that he would need an evaluation for a disability rating once he reached maximum medical improvement.

At a March 30, 2026 expedited hearing, Employee testified that although he had requested additional medical treatment, Employer did not authorize any such care and that he never received a panel from Employer.[2] In response, Employer argued that Employee did not have sufficient medical proof of the cause of his symptoms to require Employer to provide additional workers' compensation benefits. Additionally, Employer argued that Employee should not receive workers' compensation benefits because he was not currently in the United States with appropriate documentation and his current residence is in Mexico. Employer also stopped paying temporary disability benefits after Employee's September 3, 2024 deportation.

Following the expedited hearing, the trial court concluded Employee would likely prevail at a hearing on the merits in showing that his work injury caused his current symptoms and need for medical treatment. As a result, it granted his request for additional medical benefits. In doing so, the court found Employee's injury was "open and obvious" and that Employee's testimony and the record "support a finding that his work injury caused the symptoms in his back and jaw." In addition, the court noted that Employer had accepted the compensability of the accident. Employer has appealed.

In its notice of appeal, Employer contends the trial court erred by ordering additional medical benefits when Employee failed to offer medical proof that his current symptoms and need for medical treatment are primarily related to his work injury. In addition, Employer asserts that Employee's "intentional/illegal criminal conduct" led to his deportation and Employer's inability to provide medical treatment under the Act.

---

[2] Employee testified through audio-visual means due to his deportation.

As an initial matter, we note that subject matter jurisdiction is a threshold issue in this case. The record on appeal indicates only that a Mexican citizen injured in Arkansas is seeking workers' compensation benefits in Tennessee. As we have previously observed:

> It is well-established that questions regarding a court's subject matter jurisdiction address the court's "lawful authority to adjudicate a controversy brought before it . . . and, therefore, should be viewed as a threshold inquiry." *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). A court derives its subject matter jurisdiction from the Tennessee Constitution or from statutes, *Staats v. McKinnon*, 206 S.W.3d 532, 542 (Tenn. Ct. App. 2006), as opposed to conduct or agreement of the parties, *Shelby County v. City of Memphis*, 365 S.W.2d 291, 292 (Tenn. 1963). Thus, the parties cannot confer subject matter jurisdiction on a court by "appearance, plea, consent, silence, or waiver." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d 477, 480 (Tenn. Ct. App. 1999). In the absence of subject matter jurisdiction, orders entered by a court are invalid and unenforceable. *Suntrust Bank v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000).

*Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *6-7 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). Moreover, "the issue of subject-matter jurisdiction may be raised at any time during the proceedings, by the parties or by the court." *Wilken v. Wilken*, No. W2012-00989-COA-R3-CV, 2012 Tenn. App. LEXIS 907, at *10-11 (Tenn. Ct. App. Dec. 27, 2012) (citations omitted).

The petition for benefit determination indicates that Employee resides in Mexico and was injured in Arkansas. Nothing in the record establishes where Employee's primary residence was at the time of the accident or how long the job on which Employee was working at the time of the injury was expected to last. Moreover, the record is silent with regard to whether Employee's employment was principally localized in Tennessee or if his contract of hire was made in Tennessee. *See* Tenn. Code Ann. § 50-6-115 (2025).

Exhibits admitted at the hearing concern criminal proceedings against Employee in Texas, none of which reflect a Tennessee address for Employee. In its order, the trial court emphasized that "[a] Tennessee 'employee' includes every person 'whether lawfully or unlawfully employed.' [Tenn. Code Ann. § 50-6-102(10)(A) (2025)]." However, there is nothing in the record to support the conclusion that the injured worker is a Tennessee employee or was a Tennessee resident at the time of the accident. Our review of the record indicates Employee is a Mexican national who was injured in Arkansas and then moved to Texas. Because the record does not contain sufficient information or documentation to confer subject matter jurisdiction on a Tennessee court pursuant to Tennessee Code Annotated section 50-6-103, we vacate the trial court's order and remand the case to the

trial court to address whether Tennessee can exercise subject matter jurisdiction over this claim.  Costs on appeal are taxed to Employer.